THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW-ARK AND A. JUDSON CLARK, RECEIVER OF TAXES FOR THE CITY OF NEWARK, PLAINTIFFS IN ERROR, v. THE MERCHANTS' INSURANCE COMPANY, DEFENDANT IN ERROR.

The act of 1876 (*Rev., p.* 1163) applies to real estate mortgages only, and a mortgage upon commingled real and personal property is not affected by the act.

On error to the Supreme Court. For opinion of Supreme Court see 25 *Vroom* 138.

For the plaintiffs in error *William B. Guild* and *Joseph Coult.*

For the defendant in error, *Edward M. Colie, Francis K. Howell, Whitehead & Condit* and *Frederic Adams.*

The opinion of the court was delivered by

REED, J. The present writ of error brings up a judgment of the Supreme Court rendered upon four writs of *certiorari,* which brought into that court certain taxes levied in the city of Newark against four corporations. These corporations were the Merchants' Insurance Company, the American Insurance Company, the Fireman's Insurance Company and the Newark Fire Insurance Company. The tax now in dispute was levied upon certain bonds held by these corporations. The bonds were made by certain street railway companies and were secured by mortgages executed by the respective companies.

No deduction from the amount assessed against these street railway companies was claimed by any of them on account of these mortgages. Included in the property mortgaged was, it is claimed, real estate, intermingled with the personal property of the mortgagors. The contention is, that the bonds secured by these mortgages, for which no deduction was claimed by

the mortgagors, are exempt from taxation in the hands of the mortgagees or their assignees. This claim is rested upon the language of the act of 1876 (*Rev., p.* 1163), which provides "that hereafter no mortgage or debt secured thereby shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor." Street railways are taxable under section 1 of the act of 1878 (*Rev. Sup., p.* 170) for their real and personal property as if they were individuals. The proviso to that section, namely, that it shall not apply to railway and certain other corporations, does not include street railway companies. The term "railway corporation," as it is there employed, means those steam railroads which constitute a class well defined and which are treated as a class in our legislative scheme of taxation.

The question involved, then, is narrowed to a single point, namely, whether a mortgage which covers both real and personal property is included within the class of mortgages affected by the terms of the act of 1878.

An inspection of the first two sections of the act shows unmistakably that they apply to real estate mortgages. By the direction of section 1 the claim for deduction for the mortgage, if made, is to be made by "the owner of the land." In case of a claim for deduction, the mortgage is, by direction of section 2, to be assessed by the assessor making the deduction, and collected by the collector in the township or city wherein "the lands in the mortgage described are situate." It is equally clear, from the use of this language, as well as from the obvious purpose of the act, that it was not intended to touch the taxation of personalty nor the reduction of assessments on account of mortgages upon personalty. The purpose of the act is to tax land for its full value in the taxing precinct in which it lies, while at the same time avoiding the imposition of double taxation. When a mortgage exists upon lands, to avoid double taxation a deduction is permitted. But to secure to the ward or township in which the land lies the

tax for its full value, both the equity of redemption and the mortgage is there taxed.

Before the passage of this act, these bonds would have been taxable at the place where their owner resided. By section 6 of the General Tax act of 1866 (*Rev., p.* 1152), the tax upon all personal property was assessable and collectable in the township or ward where they were held. The effect of the act of 1876 was to withdraw from the control of the general act debts which were secured by mortgage upon real estate. The force of the act was limited to mortgages secured entirely upon real estate, for the clear purpose of the later legislation is to compensate the land-owning taxing district for the amount which, by claimed deductions, it would be depleted. As a rule, the self-interest and circumspection of lenders keep the amount of the mortgage within the value of the mortgaged property. So long, therefore, as the mortgage is secured by realty only, it may be assumed that the combined values of the mortgage and of the equity of redemption will equal, and not exceed, the value of the real estate.

If, however, property in addition to the real estate is introduced as a part of the security, the result is entirely different. In that case no presumption remains that the amount of the mortgage is not in excess of the value of the real estate mortgaged. On the contrary, the presumption is that the real estate is inadequate security for the amount of the mortgage, otherwise other property would not have been included. The result, therefore, is that by the withdrawal of such a mortgage from the holder's domiciliary tax district, and by placing it in the land-owning district, the purpose of the act of 1876 is perverted. The latter district gets more than its tax upon the full value of the real estate, and the other district, to the extent that the mortgage represents personal security, is unjustly stripped of its tax.

The far-reaching effect of admitting mortgages of this kind into the class covered by the act of 1876, is illustrated by the facts in the present case. The several mortgages securing the bonds of each company were executed by each of the several

street railroads upon all its property. The security includes generally all the cars, horses, harness, machinery, tools, equipments, furniture, franchises, stables and offices. It is plain that the real estate is an inconsiderable portion of the property mortgaged. The effect of exempting these mortgages is to leave all this mass of personal property taxable without deduction in the municipality where it is owned, and to deprive the municipalities where the bonds are held of the tax which belongs to them under the General Tax act of 1866. This result is clearly foreign to the legislative design.

Nor do I perceive the force of the arguments so strongly urged by the counsel of the defendants in error, that a decision against them on this point involves the imposition of double taxation. In this particular instance, it is true, it may so result. This issue, however, is not because of the construction which we put upon the act of 1876, but it is because of the failure of the street car companies to claim a deduction for the amount of these bonds as debts. Double taxation does not result from the provisions of the general act of 1866, for unsecured debts or debts secured by mortgage or otherwise may be deducted from the debtor's taxable property. Under neither the general act of 1866 nor under the act of 1876 is the same property twice taxed. The only point of difference in respect to the operation of the two acts is in regard to the place where a particular kind of a debt, namely, one secured by a real estate mortgage, shall be taxed. If it is in the shape of a real estate mortgage simply, it is taxed, if taxed at all, under the latter act in the tax district where the land is situated. If it is not in the shape of a real estate mortgage, it is taxed where its owner resides. In either case the debtor can relieve himself of the burden of paying tax on the debt by claiming a deduction on account of it.

Our conclusion is, that that part of the judgment of the Supreme Court which exempted the bonds in question from taxation, by force of the provisions of the act of 1876, must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH. 9.